**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MICHAEL ROCHELEAU,** | ) | **Case No.:** |
| Plaintiff, | ) | |
| **v.** | ) | |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

MICHEAL ROCHELEAU ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Worcester, Massachusetts 01609.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. Defendant has been contacting Plaintiff regarding a $4,000 credit card debt that was incurred primarily for personal, family or household purposes.

13. By way of background, in or around 2012 or early 2013, Defendant began placing calls to Plaintiff in an attempt to collect an alleged debt.

14. In or around June or July 2015, Plaintiff told Defendant to stop calling regarding this debt.

15. However, Defendant ignored Plaintiff's request and continued to call him on his cellular telephone.

16. Between November 2015 and November 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone attempting collect an alleged debt.

17. During this time Defendant placed telephone calls to Plaintiff from phone numbers, including: (731) 410-1974 and (205) 538-1807. The undersigned has confirmed that these phone numbers belongs to Defendant.

18. Once Defendant was aware that its calls were unwanted in June or July 2015, placing calls to Plaintiff between November 2015 and November 2016

could have served no purpose other than to harass Plaintiff and coerce payment from him.

19. Plaintiff again requested that Defendant stop calling him in or around January or February 2016.

20. However, Defendant continued to ignore Plaintiff's request and continued to call him knowing the calls were unwanted.

21. Defendant also contacted Plaintiff's employer, UMass Memorial Hospital, prompting Plaintiff to tell Defendant to stop calling his employer.

22. However, Defendant again ignored Plaintiff's request and continued to call his employer.

23. During these calls to Plaintiff, Defendant threatened to garnish Plaintiff's wages and seek legal action to collect the alleged debt.

24. Upon information and belief, Defendant did not intend to garnish Plaintiff's wages or seek legal action.

25. Frustrated by the continued calls, Plaintiff downloaded an application to his cellular telephone to block calls from Defendant.

**COUNT I**
**DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

26. A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated these sections when it placed repeated and harassing calls to Plaintiff's cellular phone and continued to place calls to Plaintiff knowing the calls were unwanted.

WHEREFORE, Plaintiff, MICHAEL ROCHELEAU, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL ROCHELEAU, demands a jury trial in this case.

Respectfully submitted,

Dated: November 18, 2016

/s/ Craig Thor Kimmel
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com